UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:19-cr-00024-JDL-1 |
| | ) | |
| DAVID DONAHUE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR COMPASSIONATE RELEASE**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant moves for a reduction of his sentence or a placement into home confinement for the remainder of his sentence, citing health concerns resulting from the COVID-19 pandemic. (Motion for Compassionate Release, ECF No. 30.)

Following a review of the record and after consideration of Defendant's arguments, I recommend the Court deny the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2019, Defendant was charged with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). (Waiver of Indictment, ECF No. 1; Information, ECF No. 2.) Defendant pled guilty pursuant to a plea agreement. (Plea Agreement, ECF No. 6; Change of Plea Hearing, ECF No. 8.) In June 2019, the Court sentenced Defendant to 300 months in prison. (Judgment, ECF No. 24.)

In May 2022, Defendant filed a motion for compassionate release. (Motion at 2.) According to Defendant, the population at F.C.I. Otisville, the place of his incarceration, suffered a significant outbreak of the coronavirus in the first part of 2022, and a high

percentage of the prisoners contracted the illness. (*Id.*) Defendant asserts he submitted to the Bureau of Prisons a request for sentence reduction and a request for home confinement, which requests were denied on January 4, 2022. (Motion at 1; Attachment at 1–11, ECF No. 30-1.)

## DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical, or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

2

A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant must exhaust the Bureau of Prisons process or wait for the 30-day period to lapse before he or she can seek relief from the sentencing court. *See United States v. McIntosh*, No. 2:16-cr-00100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *United States v. Crosby*, No. 1:17-cr-00123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020). Because more than thirty days have elapsed since Defendant requested relief from the Warden, and because the Warden denied the request, Defendant has satisfied the exhaustion requirement.

Defendant cites health concerns and the COVID-19 pandemic to support his contention that extraordinary and compelling reasons justifying a sentence reduction exist. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release. . . ." *United States v. Curtis*, No. 1:14-cr-00140-JAW, 2020 WL 3104043, at *5 (D. Me. June 11, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). An increased risk of severe illness due to the presence of COVID-19 and underlying health conditions, however, can create extraordinary or compelling reasons. *See e.g.*, *United States v. Belanger*, No.

3

1:15-cr-00072-JDL, 2020 WL 5351028, at *3 (D. Me. Sept. 4, 2020) (finding extraordinary circumstances from COVID-19 infections and health risk of the defendant including age, diabetes, obesity, hypertension, and cardiovascular disease).

Defendant asserts that he is fifty-one years old and suffers from high blood pressure, asthma, and sleep apnea. (Motion at 8; Attachment at 13.) Defendant's BMI is 33.7. (Attachment at 33.) Given his medical conditions, Defendant is likely at a somewhat higher risk of severe illness from a COVID-19 infection. The degree of risk, however, is only one of the relevant considerations. The severity of the offense and the fact that Defendant has only served approximately 40 months of his 300-month sentence, or about 13% of the sentence, weigh heavily against a sentence reduction. When the relevant circumstances and factors are considered, the record does not support Defendant's request for compassionate release based on his health.

Defendant alternatively asked the Court to place him on home confinement. While a court can recommend a certain placement, BOP is given the discretion to grant home confinement under 18 U.S.C. § 3624(c)(2) and district courts are not authorized to order placement into home confinement. *See United States v. Black*, No. 2:07-cr-00029-GZS, 2022 WL 1487035, at *2 n.3 (D. Me. May 11, 2022)). To the extent Defendant asks the Court to recommend home confinement to BOP, the circumstances that support the denial of Defendant's request for compassionate release also weigh against home confinement.

In sum, a review of the record, including the medical information provided, reveals that Defendant has failed to establish an extraordinary or compelling reason for relief.

Defendant is not entitled to a sentence reduction or a recommendation that he be placed in home confinement.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for compassionate release.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2022.